UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARNOLD FRENCH, III | CIVIL ACTION NO. 15-cv-0055 |
| VERSUS | JUDGE FOOTE |
| CAESARS ENTERTAINMENT OPERATING CO., INC. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Arnold O. French, III ("Plaintiff") alleges that he was a patron at the Horseshoe Casino when he was confronted by a Horseshoe employee for suspicion of selling drugs. Plaintiff alleges that this led to a confrontation with a Bossier City police officer, during which Plaintiff was knocked to the ground and arrested. He named defendants including Bossier City, the mayor, the police chief, and two Caesars entities associated with the casino.

Attorney Reshonda Bradford originally represented Plaintiff. After two Scheduling orders, a motion for summary judgment, and other proceedings, Ms. Bradford filed a Motion to Withdraw (Doc 36) in which she represented that the attorney/client relationship had been terminated because Plaintiff had blatantly refused to follow her advise or cooperate in the litigation process. She stated that Plaintiff had said that he would retain new counsel, but he never did so despite delays. Bradford eventually filed her Motion to Withdraw, a copy of which was served on Plaintiff as required by Local Rule 83.2.11.

The court issued an order (Doc 37) that granted the Motion to Withdraw. The order stated that Plaintiff was strongly encouraged to retain new counsel. He was allowed until

July 1, 2016, to either (1) enroll new counsel to represent him in this case, or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps by July 1, 2016, may result in Plaintiff's case being dismissed without further notice, for failure to prosecute." The order also allowed Plaintiff until July 15, 2016 to file any response to a pending motion for summary judgment. The Clerk of Court mailed a copy of the order to the Plaintiff's home address, as provided by his former attorney.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962).

The July 1 and July 15 deadlines have passed, and there has been no action of record by Plaintiff. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more demanding requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2016.



Mark L. Hornsby
U.S. Magistrate Judge